CRAWFORD v. JOHNSON.

(Supreme Court, Appellate Term, First Department. June 3, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—RIGHT TO ENTER—NEW TRIAL.

A settlement having been agreed on, the case was adjourned to October 17th, when defendant was to pay the sum specified, on which day he applied for a further adjournment to October 22d, agreeing that plaintiff might take judgment for the full amount demanded, in case the money was not paid by that day. On that day defendant appeared in court with the agreed sum, but plaintiff failed to appear, and the action was thereupon dismissed. Subsequently plaintiff moved for judgment on the stipulation, claiming that he was entitled to the full amount claimed in his complaint. *Held*, that the only relief to which plaintiff was entitled was the vacation of the order of dismissal and a new trial, as provided by Municipal Court Act (Laws 1902, c. 580) § 253, and that the court had no power to enter judgment in his favor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—ORDER—VACATION—TERMS.

Plaintiff's action in the Municipal Court having been dismissed because of his failure to appear at an adjourned day, plaintiff thereafter moved for judgment in his favor on a stipulation, which was granted. Later defendant moved to vacate this judgment, which motion was granted and a new trial ordered on condition that defendant deposit in court the amount of the judgment or give an undertaking, and, not having complied with this order, a second one was made denying defendant's motion. *Held*, that the second order superseded the first, and, plaintiff being only entitled at most to a new trial after the vacation of the dismissal and not to judgment, defendant was entitled to have his motion to vacate granted without terms.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Charles Crawford against Bernard Johnson. From an order vacating the judgment for plaintiff and granting a new trial subject to a condition, and from an order denying defendant's motion to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vacate for failure to comply with the condition, he appeals. Appeal from first order dismissed and second order reversed. Judgment vacated, and new trial ordered.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Diamond & Abrahams, of New York City (Samuel Abrahams, of New York City, of counsel), for appellant.

Henry A. Blumenthal, of New York City, for respondent.

PER CURIAM. The defendant appeals from two orders. The facts in the case are not disputed.

The plaintiff sued upon two causes of action claiming the sum of $241. The answer denied substantially the allegations of the complaint. The case came on for trial on October 7, 1913, and at that time the attorneys for the respective parties agreed upon a settlement, by the terms of which the defendant agreed to pay plaintiff the sum of $62.50 on or before October 17th to which time the case was adjourned. On this last day, the defendant asked for further time in which to pay said sum, and, after objection by the plaintiff, the defendant's attorney stipulated in open court that if the sum aforesaid was not paid by October 22, 1913, the plaintiff might take a judgment for the full amount demanded in the complaint, and the case was again adjourned until that day. On October 22d, the defendant appeared in court with the $62.50, but the plaintiff failed to appear and the action was dismissed. Subsequently, the plaintiff made a motion for a judgment in his favor, based upon the aforesaid stipulation, claiming that he was entitled to the full amount asked for in his complaint. This motion was returnable on October 28th and was opposed by the defendant, but the motion was granted and an order made awarding the plaintiff the full amount of his claim, and a judgment was thereupon entered in his favor accordingly.

[1, 2] It is manifest that the court below had no authority for this proceeding. The only relief that plaintiff was entitled to was to have the dismissal set aside and a new trial ordered under the provisions of section 253 of the Municipal Court Act. The court had no power to enter a judgment in plaintiff's favor. No appeal, however, was taken from the judgment so entered. Later on the defendant moved for an order vacating this judgment, and this motion was granted and a new trial ordered upon condition, however, that the defendant deposit into court the amount of the judgment or give an undertaking pursuant to section 256 of the Municipal Court Act, and an order was entered in accordance therewith. Not having complied with the terms of this order, a second order was made and entered denying defendant's motion. From these two orders the defendant appeals.

The last order superseded the first, and therefore that one only need be considered.

Under the facts stated above, the defendant's motion should have been granted without terms. He had an absolute right to be relieved from a judgment thus irregularly entered.

The appeal from the order of January 7, 1914, is dismissed.

The order of January 19, 1914, is reversed, the judgment in favor of plaintiff vacated, and a new trial ordered, without costs to either party.